UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

J.O., by his next friends )
JESSICA OBITTS and RICHARD OBITTS, )
)
Plaintiffs, )
)
v. ) 1:15-cv-329-HSM-SKL
)
BLEDSOE COUNTY BOARD OF )
EDUCATION, *et al.*, )
)
Defendants. )

## **REPORT AND RECOMMENDATION**

Pending before the Court are two supplements [Docs. 20, 24] and a joint motion to approve the settlement of a minor's claim [Doc. 17], which was referred to the undersigned pursuant to 28 U.S.C. § 636(b) [Doc. 18].[1]

The settlement at issue involves payment of funds to a minor. The Court must review and approve of the settlement in accordance with Tennessee law. *See, e.g., Smith v. ABN AMRO Mortg. Grp., Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011) ("Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law."). In doing so, the Court "must make an independent

---

[1] The parties submitted the first supplement on March 15, 2017, pursuant to an order entered March 1, 2017 noting certain deficiencies pertinent to a minor's settlement [Doc. 19]. In an order entered March 21, 2017, the Court found certain information regarding the reasonableness of the settlement amount was still missing from the parties' first supplement [Doc. 23]. The parties were ordered to either present mutually agreeable dates for a hearing or file an additional supplement to address the reasonableness of the settlement amount [Doc. 23 at Page ID # 117]. The Defendants filed a second supplement on March 28, 2017 [Doc. 24].

determination that the settlement is in the minor's best interest."[2] *Thrivent Fin. for Lutherans v. Camp*, 1:15-cv-146-SKL, 2015 WL 9587725 at *1 (E.D. Tenn. Dec. 30, 2015). Courts also "must consider and then determine what constitutes fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise." *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir. 1988). This determination is especially important because "minors are in no position to judge the value of legal services rendered on their behalf." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 185 (Tenn. 2011).

Along with the joint supplement, Plaintiffs submitted an affidavit of Daniel H. Rader IV [Doc. 20-2]. The affiant, Mr. Rader, is counsel for the Plaintiffs in the ongoing case. He seeks $6,800 in attorney's fees [Doc. 20-2 at Page ID # 103]. Mr. Rader asserts in his affidavit that he spent 48.85 hours on this case, including two days of depositions [*id.* at Page ID # 102]. He states that "[p]ursuant to my fee agreement, I agreed to accept the greater of two figures: a contingency fee of 40% of any recovery or $275 per hour" [*id.* at Page ID # 103]. He states that his hourly fee would be $13,433.75, but that he has agreed "to take the lesser figure of a 40% contingency fee" "in an effort to settle this case and compromise this matter" [Doc. 20-2 at Page ID # 103].

The Tennessee Supreme Court provides in *Wright* that "a trial court should apply the factors set forth in [Rules of Professional Conduct ("RPC")] 1.5(a)(1)-(10) when determining a reasonable attorney's fee regardless of the client's age." 337 S.W.3d at 185. However, in cases involving payment of settlement funds to a minor, "the trial court should have regard for the

---

[2] Tenn. Code Ann. § 34-1-121(b) provides, in relevant part, "[i]n any action, claim, or suit in which a minor . . . is a party . . . the court in which the action, claim, or suit is pending . . . has the power to approve and confirm a compromise of the matters in controversy on behalf of the minor . . . . If the court deems the compromise to be in the best interest of the minor . . . any order or decree approving and confirming the compromise shall be binding on the minor . . . ."

minor's present and future needs when it rigorously analyzes the RPC 1.5 factors in a particular case." *Id.* In such cases, "the proper question is not whether the contract amount is reasonable but rather what the reasonable fee would be in the absence of a contract." *Id.* at 183.

The RPC 1.5(a)(1)-(10) factors are as follows:

> (a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;
>
> (6) the nature and length of the professional relationship with the client;
>
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
>
> (8) whether the fee is fixed or contingent;
>
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
>
> (10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5(a)(1)-(10). These factors are not exclusive and each factor may not be relevant in every case. *Id.* at 177 n.17. In the first of the two supplements now at issue, Plaintiffs submit the following to address the particular RPC 1.5 factors listed above:

> 1. The time and labor required were relatively substantial, as was the relative difficulty of this type of complex constitutional claim. The Plaintiffs had previously engaged an attorney in Crossville, who declined to pursue the complex claim in Federal Court, thus necessitating retention of undersigned counsel.
>
> 2. Plaintiff's counsel regularly works for governmental employers throughout Middle and East Tennessee, including boards of education. By taking the Plaintiff's case, Plaintiff's counsel created a conflict that would likely preclude other employment by the attorney. In addition, the time commitment involved in this case further restricted counsel's ability to work on other matters during the time counsel worked on this case.
>
> 3. The hourly rate is reasonable and customary, and reflects the complexity of the various legal issues presented in this suit. The alternative contingency fee arrangement also reflected the likely difficult and perhaps speculative nature of the type of claim, and it is customary to charge a slightly higher contingency fee in cases of that nature. The amount sought by the attorney in this case, though, is the lesser of the amounts, notwithstanding the employment contract authorizing the greater of the two, reflecting Plaintiff's counsel's discount in order to obtain a satisfactory settlement for the Plaintiff.
>
> 4. The monetary damage was limited and speculative. Thus, the overall settlement of $17,000 is reasonable, satisfactory, and appropriate under the circumstances.
>
> 5. There were no substantial time limitations related to this case.
>
> 6. This is the only matter that Plaintiff's counsel is handling for the Plaintiffs.
>
> 7. The experience, reputation, and ability of undersigned counsel of the Plaintiff is very good.
>
> 8. The fee was an alternative contingency fee, as set forth in the fee agreement.

4

>           9. Plaintiff's counsel does not advertise at all.
>
>           10. The fee agreement is in writing and is attached.

[Doc. 20 at Page ID # 97-99]. Mr. Rader submits the same in his affidavit [Doc. 20-2].

In the first supplement, the parties noted "Plaintiffs are . . . aware of the legal complexities and the factual nuances that make this type of claim difficult." [Doc. 20 at Page ID # 97]. Given the above information provided by Plaintiffs and Plaintiffs' counsel, as well as considerations of the complexity of the issues involved in the case [Doc. 20 at Page ID # 97], the amount of time Mr. Rader devoted to the case [Doc. 20-2 at Page ID # 102, Doc. 20-3], the overall settlement amount to be awarded to the minor Plaintiff, J.O., [Docs. 17-1, 20-4], and the amount requested by Mr. Rader compared to the original fee agreement [Doc. 20-2 at Page ID # 103], I **FIND** that, pursuant to RPC 1.5, Mr. Rader's requested attorney's fee award of $6,800 is fair and reasonable.

In the parties' joint motion for approval of minor settlement, the parties provide that "the Bledsoe County Board of Education agrees to pay, and the Plaintiffs have agreed to accept, the total sum of $17,000 in full satisfaction of any and all claims arising out of or related to this disciplinary infraction and any other claims connected with the minor Plaintiff's education during the 2014-2015 school year, including any claim for attorney's fees" [Doc. 17 at Page ID # 87, ¶ 4]. At issue in the underlying case was the Plaintiffs' position "that the Bledsoe County Board of Education and the individually named Defendants violated the constitutional rights of the minor Plaintiff in the manner in which they investigated and prosecuted a disciplinary infraction at the Bledsoe County High School." [Doc. 17 at Page ID # 86].

In the second supplement, Defendants note that, without "attempting to minimize any such alleged injury to J.O.'s dignity, it is inarguable that such an intangible injury to his dignity

5

is difficult, if not impossible, to quantify" [Doc. 24 at Page ID # 119, ¶ 3]. The injuries suffered by the minor were not physical, nor has the minor undergone any medical treatment as a result or incurred virtually any out-of-pocket expenses for counseling [Doc. 24 at Page ID # 119, ¶ 3]. In the joint motion to approve the settlement of a minor's claim, the parties assert that Plaintiffs recognize "that a reasonable jury could indeed find for the Defendants. Likewise, the Plaintiffs agree that it will be difficult to quantify any damages sustained by the Plaintiffs as a result of any action of any school official." [Doc. 17, at Page ID # 86].

Defendants, in the second supplement, specifically address the reasonableness of the settlement amount as follows:

> 5. Given the facts at issue and the alleged injuries and potential outcomes were this matter to proceed to trial, it is the Defendants' position that it is appropriate and in the best interests of the parties to settle this matter for the amount stated in the Joint Motion for Approval of the Minor Settlement, $17,000.00. After reimbursing their attorney $620.72 in costs, and after paying their attorney $6,800, in attorney's fees, J.O. will still recover a net sum of $9,579.28. Given the likely difficulty for the Plaintiffs in proving an actual monetary loss, this sum is fair and reasonable.
>
> 6. Such a settlement is reasonable and will provide the Plaintiffs with sufficient monetary compensation based upon the relevant facts and will allow all parties to move forward peacefully and avoid continued expense of time and resources that would be incurred if this matter continued to trial. Upon information and belief, the Plaintiffs will put the settlement funds toward J.O.'s post-secondary education and vocational training.

[Doc. 24 at Page ID # 120]. In the first supplement, the parties propose that the Plaintiff's parents will "hold these funds for Plaintiff's benefit in an interest bearing account in accordance with Tenn. Code Ann. § 34-1-104(c). The parents will retain these funds for the benefit of the minor until he reaches the age of majority in a few months" [Doc. 20 at Page ID # 96]. After conducting a review of the record as well as the proposed settlement, I **FIND** that approval of the

6

settlement is in the best interests of the minor, so long as the settlement payment is subject to the condition that until the minor reaches the age of majority, the minor's parents will hold the settlement funds remaining – after the deduction of costs and the attorney's fee award – for the minor Plaintiff's benefit in an interest bearing account in accordance with Tenn. Code Ann. § 34-1-104(c).

Finally, Plaintiffs, citing the difficulty involved with Plaintiff Richard Obitts taking off work, request that "the Court rule on this matter from Affidavits and waive the need for any hearing" [Doc. 20 at Page ID # 99]. The Defendants concur [*id.*]. In the second supplement, the parties suggested dates for a hearing should the Court find one is necessary [Doc. 24 at Page ID # 120]. In the Court's discretion, a hearing does not appear to be necessary under Tenn. Code Ann. § 29-34-105(a). The total amount to be awarded to minor Plaintiff, less $670.72 in costs and $6,800 in attorney's fees, will be $9,579.28 [Doc. 20-4]. The parties have submitted proof by affidavit [Doc. 20-2], a hearing will increase costs, and the parties thoroughly briefed the issues related to the minor settlement [Docs. 17, 20, 24]. Accordingly, I **FIND** that at this time no further hearing is necessary regarding the settlement amount or the attorney's fee award.

Given the above findings, I **RECOMMEND** that an attorney's fee award to Plaintiffs' counsel in the amount sought, $6,800 be **APPROVED**. I also **RECOMMEND**, in light of the supplements filed [Docs. 20, 24] and attached exhibits, that the parties' joint motion to approve the settlement of a minor's claim [Doc. 17] be **GRANTED**, subject to the above stated condition that the minor's parents hold the settlements funds for the minor Plaintiff that remain after the

deduction of costs and the attorney's fee award in an interest-bearing account until the minor Plaintiff reaches the age of majority.[3]

                                                                                             s/ *Susan K. Lee*
                                                                                             SUSAN K. LEE
                                                                                             UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn,* 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers,* 829 F.2d 1370, 1373 (6th Cir. 1987).